UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LILIBETH VALLEJO (KANNA MAYES) (A# 240-500-153),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-05320 DAD SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural Background**

The undisputed record in this case demonstrates that Petitioner, a citizen and native of Mexico, entered the United States without inspection on an unknown date and time. ECF No. 5 at 6 (Form I-213). On October 7, 2025, Immigration and Customs Enforcement ("ICE") conducted a vehicle stop as part of a targeted enforcement operation into a different noncitizen (whose identity is redacted in the record). Id. at 5. Petitioner, who was parked behind the stopped vehicle, lowered her window and asked a question in Spanish to an ICE agent. Id. With Petitioner's consent, the ICE agent inquired into her immigration status. After database checks showed Petitioner lacked legal status in the United States, ICE took her into custody. Id. at 5-6. Immigration officials subsequently administratively charged her as inadmissible under 8 U.S.C. §

1182(a)(6)(A)(i) (noncitizen present without admission or parole). Id. at 5. Petitioner remains in detention at the California City Detention Facility within this judicial district. ECF No. 1 at 18.

Petitioner filed the instant § 2241 on July 10, 2026, challenging her prolonged detention without bond under the Due Process Clause of the Fifth Amendment. ECF No. 1. By way of relief, Petitioner seeks her immediate release, or, in the alternative, a bond hearing before an immigration judge ("IJ") in which the government must establish by clear and convincing evidence that she presents a risk or danger or flight. Id. at 17. Respondent filed an opposition asserting that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 5. If the Court determines instead that the detention authority is 8 U.S.C. § 1226(a), Respondent does not oppose the post-deprivation relief of a bond hearing before an IJ. Id. at 1. Respondent maintains that release is not appropriate because Petitioner is in pre-order detention and has criminal history. Id.

## II. Legal Standard

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). As a matter of substantive due process, governmental action may only infringe a fundamental right if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test

articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III. Analysis**

Since Respondent filed their opposition, the Ninth Circuit held that noncitizens like Petitioner apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2). Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026). Petitioner's detention is governed by § 1226(a).

Having determined that Petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted on her due process claim. Even though Petitioner was not previously released at the discretion of immigration officials, she has a general liberty interest in freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. This liberty interest is particularly pronounced here given that Petitioner's detention has now reached ten months. See Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011) (an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial."). As for whether Petitioner received adequate process, the undersigned easily concludes that Respondents' failure to provide petitioner with any of § 1226(a)'s "substantial procedural protections," Rodriguez Diaz, 53 F.4th at 1193, including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d), violated procedural due process. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that the "lengthy [five-month] delay in

providing the statutorily mandated bond hearing [under § 1226(a)] violates Petitioner's due process rights").

The undersigned turns next to remedy. Respondent maintains the proper relief, if any, is a bond hearing due to Petitioner's criminal history. ECF No. 5 at 1. Respondent does not elaborate beyond this generic reference to Petitioner's contacts with law enforcement. On this record, the undersigned finds no danger justification for limiting the remedy to a post-deprivation remedy. Her FBI "rap sheet" reflects a May 2023 arrest for spousal battery, but no charges were ever brought. ECF No. 5 at 12-13. Petitioner has three subsequent arrests for violating domestic violence protective orders, but all charges were dismissed. Id. at 13-14. Nor does the record support a finding of imminent flight risk. ICE detained Petitioner after a chance, consensual encounter, and detained her without bond for ten months not due to any exigent circumstances but on grounds she was an applicant for admission under § 1225(b)(2).

In sum, while Petitioner's initial arrest may have been statutorily authorized under 8 U.S.C. § 1226(a), the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." Feng, 2026 WL 472635, at *1. Accordingly, the undersigned recommends that Petitioner be granted immediate release. See Ramos v. Warden, California City Corr. Ctr., No. 26-CV-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026) ("[T]he appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention."). However, the undersigned recommends that Respondent be able to place petitioner on conditions of supervision upon her release. ECF No. 10 at 3-4.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner Sandra Lilibeth Vallejo's (a/k/a Kanna Mayes) (A3 240-500-153) application for a writ of habeas corpus be GRANTED as follows:

   a. Respondent be ORDERED to immediately release Petitioner from Respondent's custody;

b. Respondent may place Petitioner on standard conditions of supervision upon release; and

c. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

2. Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. The Clerk of the Court be directed to:

a. Serve a copy of an ordering adopting these findings and recommendations on the California City Immigration Detention Center; and

b. Enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE